**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JORGE ROJAS,** on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br>v.<br><br>**SIGNATURE PROPERTY SOLUTIONS, INC.**<br><br>*Defendant*. | Civil Case No.: |

## CLASS ACTION COMPLAINT

## INTRODUCTION

1. As the Supreme Court has explained, "For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. The Plaintiff alleges that Signature Property Solutions, INC. ("Defendant") made unsolicited telemarketing calls to Plaintiff's telephone number, which was registered on the National Do Not Call Registry, as well as to those of putative class members, in violation of the TCPA.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

4. This Court has jurisdiction over Defendant because Defendant (1) made the telemarketing calls at issue to Plaintiff in this District, (2) conducts business transactions in this District.

5. Venue is proper in this District because the calls were directed into this District.

**PARTIES**

6. Plaintiff Jorge Rojas ("Mr. Rojas") is, and at all times mentioned herein was, a citizen and resident of this District.

7. Mr. Rojas is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant Signature Property Solutions, Inc. is an Illinois corporation located in DuPage County, IL.

**TCPA BACKGROUND**

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

10. The TCPA and its implementing regulations prohibit calling any residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry. *See* 47 U.S.C. § 227, *et seq*.; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*

11. Specifically, the TCPA prohibits telephone solicitations to residential telephone subscribers whose numbers are on the National Do Not Call Registry and provides a private right of action after more than one call in any 12-month period in violation thereof. See 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

**Plaintiff Rojas's Allegations**

12. Plaintiff's telephone number is (424) 219-XXXX.

13. Plaintiff's telephone number has been registered on the National Do Not Call Registry for more than 31 days prior to receiving the calls described below.

14. Plaintiff uses the number for personal calls.

15. The number is a residential line of the Plaintiff.

16. Plaintiff never consented to receive telemarketing calls from Defendant.

17. Prior to receiving the calls, Plaintiff never did any business with Defendant.

18. Despite that, Defendant made at least five unsolicited telemarketing calls to Plaintiff over a two-day period from July 28 through 29, 2026.

19. They all came from the same number, 318-225-8213.

20. That is the defendant's number.

21. During the last call, the Plaintiff spoke with an individual who identified himself as "Leo," who stated that he and Plaintiff had not previously spoken and offered the Defendant's services.

22. On July 30, 2026, at approximately 4:12 p.m. CT, Plaintiff received a follow up call during which an individual who identified himself as "Luke" stated he was calling from Defendant Signature Property Solutions, Inc. and confirmed he would be arriving for an appointment.

23. "Luke" provided Plaintiff with Defendant's website, https://solutionsbysignature.com.

24. The website includes the type of services offered to individual consumers like the

Plaintiff.

25. The calls were made for the purpose of soliciting Defendant's roofing and general contracting services.

26. The Plaintiff and putative class members were harmed by these unwanted calls.

## Class Action Allegations

27. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of classes of all other persons or entities similarly situated throughout the United States.

28. The class of persons Plaintiff propose to represent is tentatively defined as:

> **National DNC Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telemarketing call from Defendant or an agent acting on Defendant's behalf; (3) within a 12-month period.

This is referred to as the "Class".

29. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

30. The Class as defined above are identifiable through phone records and phone number databases.

31. The potential members of the Class number at least in the thousands.

32. Individual joinder of these persons is impracticable.

33. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) whether Defendant systematically made telemarketing calls to class members whose telephone numbers were on the National Do Not Call Registry;

(b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express invitation or permission;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

34. Plaintiff's claims are typical of the claims of members of the Class.

35. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he will be represented by counsel skilled and experienced in class actions, including TCPA class actions.

36. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

37. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5))**
**(On Behalf of Plaintiff and the National DNC Registry Class)**

38. Plaintiff repeat the prior allegations of this Complaint and incorporates them by reference herein.

39. Defendant and/or its agents made unwanted telemarketing calls to Plaintiff and the other members of the National DNC Registry Class despite their telephone numbers being registered on the National Do Not Call Registry.

40. These calls were made *en masse* without prior express invitation or permission, in violation of the TCPA's national do-not-call provisions.

41. The Defendant has, therefore, violated 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2). As a result of Defendant's conduct, Plaintiff and the other members of the National DNC Registry Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each knowing or wilful violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representatives of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An award to Plaintiff and the Class of damages, as allowed by law; and

F. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: August 23, 2026

Plaintiff,
By his attorneys,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com