UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| Jorge Rojas, on behalf of himself and others similarly situated,<br>*Plaintiffs*<br>V<br>Signature Property Solutions, Inc.<br>*Defendant.* | Civil Action No. 26-cv-10168 |

ANSWER TO COMPLAINT

1. As the Supreme Court has explained, "For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991 , known as the TCPA, generally prohibits robocalls to cell phones and home phones." Barr v. Am. Ass'n of Political Consultants, 140 S. Ct. 2335, 2343 (2020).

Answer: Defendant admits the allegations contained in Paragraph1 of the Complaint.

2. The Plaintiff alleges that Signature Property Solutions, INC. ("Defendant") made unsolicited telemarketing calls to Plaintiffs telephone number, which was registered on the National Do Not Call Registry, as well as to those of putative class members, in violation of the TCPA,

Answer: Defendant denies each and every allegation contained in Paragraph 2 of the Complaint in that Defendant violated the TCPA by making unsolicited sales call sale. Defendant further states that it purchased leads including Plaintiff's information from, RDI The Roofing Network (herein after"RDI"), a third party company that supplied approved appointments to Defendant.

JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 133 1, as this action arises under the TCPA, which is a federal statute.

Answer: Defendant admits the allegations contained in Paragraph3 of the Complaint.

4. This Court has jurisdiction over Defendant because Defendant (1) made the telemarketing calls

at issue to Plaintiff in this District, (2) conducts business transactions in this District.

Answer: Defendant admits the allegations as to (2) that Defendant conducts business in this District but denies each and every other allegation contained in Paragraph 4 of the Complaint.

5.Venue is proper in this District because the calls were directed into this District

Answer: Defendant neither admits or denies the allegations contained in Paragraph 5 of the Complaint but states it has insufficient information to formulate a belief as to the truth or falsity of th allegations contained therein and demands strict proof thereof.

PARTIES

6. Plaintiff Jorge Rojas ("Mr. Rojas") is, and at all times mentioned herein was, a citizen and resident of this District.

Answer: Defendant neither admits or denies the allegations contained in Paragraph 6 of the Complaint but states it has insufficient information to formulate a belief as to the truth or falsity of th allegations contained therein and demands strict proof thereof.

7. Mr. Rojas is, and at all times mentioned herein was, a "person" as defined by 47 USC § 153(39),

Answer: Defendant neither admits or denies the allegations contained in Paragraph 7 of the Complaint but states it has insufficient information to formulate a belief as to the truth or falsity of th allegations contained therein and demands strict proof thereof.

8. Defendant Signature Property Solutions, Inc. is an Illinois corporation located in DuPage County, IL,

Answer: Defendant admits the allegations contained in Paragraph 8 of the Complaint.

TCPA BACKGROUND

9. In 199 I, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing , , , can be an intrusive

invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations."' Mims v, Arrow Fin. Servs., LLC, 565 U.S. 368, 372(2012) (citations omitted),.

Answer: Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. The TCPA and its implementing regulations prohibit calling any residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry. See 47 U.S.C. § 227, el seq.; In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order.

Answer: Defendant admits the allegations in Paragraph 10 reciting the TCPA but states further that Plaintiff's number was supplied by the Lead Company authorizing Defendant to call Defendant as an appointment and denies any violation of said statute.

11. Specifically, the TCPA prohibits telephone solicitations to residential telephone subscribers whose numbers are on the National Do Not Call Registry and provides a private right of action after more than one call in any 12-month period in violation thereof. See 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

Answer: Defendant admits the allegations in Paragraph 11 reciting the TCPA but states further that Plaintiff's number was supplied by the Lead Company authorizing Defendant to call Plaintiff as an appointment and denies any violation of said statute.

## FACTUAL ALLEGATIONS

Plaintiff Rojas's Allegations

12. Plaintiffs telephone number is (424) 219-XXXX,

Answer: Defendant neither admits or denies the allegations contained in Paragraph 12 of the

Complaint but states it has insufficient information to formulate a belief as to the truth or falsity of th allegations contained therein and demands strict proof thereof.

13. Plaintiffs telephone number has been registered on the National Do Not Call Registry for more than 31 days prior to receiving the calls described below.

Answer: Defendant neither admits or denies the allegations contained in Paragraph 13 of the Complaint but states it has insufficient information to formulate a belief as to the truth or falsity of th allegations contained therein and demands strict proof thereof.

14. Plaintiff uses the number for personal calls.

Answer: Defendant neither admits or denies the allegations contained in Paragraph 14 of the Complaint but states it has insufficient information to formulate a belief as to the truth or falsity of th allegations contained therein and demands strict proof thereof.

15. The number is a residential line of the Plaintiff.

Answer: Defendant neither admits or denies the allegations contained in Paragraph 15 of the Complaint but states it has insufficient information to formulate a belief as to the truth or falsity of th allegations contained therein and demands strict proof thereof.

16. Plaintiff never consented to receive telemarketing calls from Defendant,

Answer: Defendant denies each and every allegation contained in Paragraph 16 of the Complaint.

17. Prior to receiving the calls, Plaintiff never did any business with Defendant,

Answer: Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18. Despite that, Defendant made at least five unsolicited telemarketing calls to Plaintiff over a two-day period from July 28 through 29, 2026.

Answer: Defendant denies each and every allegation contained in Paragraph 18 of the Complaint.

19. They all came from the same number, 318-225-8213.

Answer: Defendant admits the allegations contained in Paragraph3 of the Complaint.

20. That is the defendant's number.

Answer: Defendant denies each and every allegation contained in Paragraph3 of the Complaint and further states that the number is the telephone number for RDI and not Defendant’s.

21. During the last call, the Plaintiff spoke with an individual who identified himself as "Leo" who stated that he and Plaintiff had not previously spoken and offered the Defendant 's services,

Answer: Defendant denies the allegations contained in Paragraph 21 that Plaintiff was offered Defendant’s services but to Defendant’s knowledge “Leo” makes calls on behalf of RDI and not Defendant.

22. On July 30, 2026, at approximately 4:12 p.m. CT, Plaintiff received a follow up call during which an individual who identified himself as "Luke" stated he was calling from Defendant Signature Property Solutions, Inc. and confirmed he would be arriving for an appointment,

Answer: Defendant admits the allegations contained in Paragraph 22 of the Complaint.

23. "Luke" provided Plaintiff with Defendant's website, https://solutionsbysignature.com,

Answer: Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24. The website includes the type of services offered to individual consumers like the Plaintiff.

**Answer:** Defendant admits the allegations contained in Paragraph 24 of the Complaint.

25. The calls were made for the purpose of soliciting Defendant's roofing and general contracting services.

**Answer:** Defendant denies each every allegation contained in Paragraph 25 of the Complaint.

26. The Plaintiff and putative class members were harmed by these unwanted calls.

**Answer:** Defendant denies each every allegation contained in Paragraph 26 of the Complaint.

Class Action Allegations

27. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of classes of all other persons or entities similarly situated throughout the United States.

**Answer:** Defendant admits the allegations contained in Paragraph 27 of the Complaint.

28. The class of persons Plaintiff propose to represent is tentatively defined as:

National DNC Registry Class: All persons in the United States who from four years prior to the filing of this action through class certification (I) whose telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telemarketing call from Defendant or an agent acting on Defendant's behalf; (3) within a 12-month period.

This is referred to as the "Class".

**Answer:** Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family,

**Answer:** Defendant admits the allegations contained in Paragraph 29 of the Complaint.

30. The Class as defined above are identifiable through phone records and phone number databases,

Answer: Defendant neither admits or denies the allegations contained in Paragraph 30 of the Complaint but states it has insufficient information to formulate a belief as to the truth or falsity of th allegations contained therein and demands strict proof thereof.

31. The potential members of the Class number at least in the thousands.

Answer: Defendant neither admits or denies the allegations contained in Paragraph 31 of the

Complaint but states it has insufficient information to formulate a belief as to the truth or falsity of th allegations contained therein and demands strict proof thereof.

32. Individual joinder of these persons is impracticable.

Answer: Defendant neither admits or denies the allegations contained in Paragraph 32 of the Complaint but states it has insufficient information to formulate a belief as to the truth or falsity of th allegations contained therein and demands strict proof thereof.

33. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) whether Defendant systematically made telemarketing calls to class members whose telephone numbers were on the National Do Not Call Registry,

**Answer:** Defendant denies each every allegation contained in Paragraph 33(a) of the Complaint.

(b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express invitation or permission;

**Answer:** Defendant denies each every allegation contained in Paragraph 33(b) of the Complaint.

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

**Answer:** Defendant denies each every allegation contained in Paragraph 33(c) of the Complaint.

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**Answer:** Defendant denies each every allegation contained in Paragraph 33(d) of the Complaint.

34. Plaintiffs claims are typical of the claims of members of the Class.

Answer: Defendant neither admits or denies the allegations contained in Paragraph 34 of the Complaint but states it has insufficient information to formulate a belief as to the truth or falsity of th allegations contained therein and demands strict proof thereof.

35. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he will be represented by counsel skilled and experienced in class actions, including TCP A class actions.

Answer: Defendant neither admits or denies the allegations contained in Paragraph 35 of the Complaint but states it has insufficient information to formulate a belief as to the truth or falsity of th allegations contained therein and demands strict proof thereof.

36. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which wi ll be ascertainable from records maintained by Defendant and/or its agents.

Answer: Defendant neither admits or denies the allegations contained in Paragraph 36 of the Complaint but states it has insufficient information to formulate a belief as to the truth or falsity of th allegations contained therein and demands strict proof thereof.

37. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

Answer: Defendant neither admits or denies the allegations contained in Paragraph 37 of the Complaint but states it has insufficient information to formulate a belief as to the truth or falsity of th allegations contained therein and demands strict proof thereof.

**FIRST CAUSE OF ACTION**

**Telephone Consumer Protection Act (Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5)) (On Behalf of Plaintiff and the National DNC Registry Class)**

38. Plaintiff repeat the prior allegations of this Complaint and incorporates them by reference herein,

**Answer:** Defendant in Anser to Paragraph 38 restates and realleges its Answer to the prior

Paragraphs of this Answer/

39. Defendant and/or its agents made unwanted telemarketing calls to Plaintiff and the other members of the National DNC Registry Class despite their telephone numbers being registered on the National Do Not Call Registry.

**Answer:** Defendant denies each every allegation contained in Paragraph 39 of the Complaint.

40. These calls were made en masse without prior express invitation or permission, in violation of the TCPA's national do-not-call provisions.

**Answer:** Defendant denies each every allegation contained in Paragraph 40 of the Complaint.

41. The Defendant has, therefore, violated 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2). As a result of Defendant's conduct, Plaintiff and the other members of the National DNC Registry Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each knowing or wilful violation.

**Answer:** Defendant denies each every allegation contained in Paragraph 41 of the Complaint.

WHEREFORE, Defendant, prays this Court to deny all relief pled in Plaintiff's Complaint.

Respectfully Submitted,

s/James O Stola
James O Stola

**IL ATTORNEY NO. 2742160**
**LAW OFFICE OF JAMES O. STOLA PLLC**
**3738 WEST IRVING PARK ROAD**
**CHICAGO, IL 60618**
**(312)687-8004**
**FAX: (773)681-7087**
**E-MAIL: JAMES@STOLALAW.COM**