**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **JORGE ROJAS,** on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**SIGNATURE PROPERTY SOLUTIONS, INC.**<br><br>*Defendant*. | Civil Case No.: 26-cv-10168<br><br>Judge Manish S. Shah |

## JOINT INITIAL STATUS REPORT

Pursuant to the Court's August 25, 2026 Order (ECF No. 5), Plaintiff Jorge Rojas ("Plaintiff") and Defendant Signature Property Solutions, Inc. ("Defendant") submit this Joint Initial Status Report.

### Nature of the Case

A. *Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.*

| Attorneys for Plaintiff and the Proposed Class | Attorney for Defendant |
|---|---|
| Anthony I. Paronich<br>Paronich Law, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043<br>(508) 221-1510<br>anthony@paronichlaw.com | James O. Stola<br>Law Office of James O. Stola<br>3738 West Irving Park Rd<br>Chicago, IL 60618<br>(312) 687-8004<br>Fax: (773)681-7087<br>james@stolalaw.com<br><br>Incoming counsel for Defendant, substitution pending<br><br>Scott Kane Stukel<br>Cameron & Kane LLC<br>2129 N Western Ave., Chicago IL 60647<br>Phone: (872) 588-0727 |

| | |
|---|---|
| | Fax: (312) 268-7478<br>Email: scott@cameronandkane.com |



*B. State the basis for federal jurisdiction.*

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 et seq. Defendant does not dispute that this Court maintains federal jurisdiction over the action.

*C. Describe the nature of the claims asserted in the complaint*

Plaintiff Jorge Rojas has brought this putative class action against Signature Property Solutions, Inc. under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiff alleges that Defendant, directly or through third parties acting on its behalf, placed unsolicited telemarketing calls to his residential telephone number despite its registration on the National Do Not Call Registry.

Specifically, Plaintiff alleges that he received at least five unsolicited telemarketing calls between July 28 and July 29, 2026, from telephone number 318-225-8213, soliciting roofing and general contracting services offered by Defendant. During one of the calls, an individual identifying himself as "Leo" promoted Defendant's services. On July 30, 2026, Plaintiff received a follow-up call from an individual identifying himself as "Luke," who stated that he was calling from Defendant and confirmed an appointment concerning Defendant's services. Plaintiff alleges that he never consented to receive these telemarketing calls and had no prior business relationship with Defendant.

Plaintiff further alleges that Defendant engaged in a broader practice of making, or causing third parties to make, unsolicited telemarketing calls to residential telephone numbers registered on the National Do Not Call Registry, in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

*D. State the major legal and factual issues anticipated in the case.*

Plaintiff contends the following:

- Whether the calling conduct at issue is appropriate for class certification pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3);
- Whether the Defendant's conduct was "knowing or willful";
- Whether calls were made with consent; and
- Whether the alleged calls at issue are telemarketing;

Defendant anticipates the following additional disputed issues:

- Whether Signature itself initiated or directed the calls alleged by Plaintiff, or instead purchased previously arranged roofing appointments from RDI/The Roofing Network, Inc.;
- Whether RDI's conduct is attributable to Signature through actual authority, apparent authority, or ratification;
- Whether Plaintiff requested or arranged an appointment, invited or encouraged subsequent communications, and what the available evidence establishes concerning

the circumstances and purpose of those communications;

- Whether Signature's July 30 appointment-confirmation call constituted an actionable telephone solicitation;
- Whether Plaintiff can establish the statutory prerequisites for recovery, including his status as a residential telephone subscriber, the registration and duration of registration of the relevant telephone number on the National Do Not Call Registry, and the number, source, and purpose of the alleged calls;
- Whether individualized issues concerning consumer inquiries, consent, and agency preclude class certification or affect Plaintiff's typicality or adequacy as a class representative; and
- Whether any actionable violation was knowing or willful.

E. *What relief is the plaintiff(s) seeking?*

The Plaintiff seeks to certify the following class:

National DNC Registry Class: All persons in the United States who from four years prior to the filing of this action through class certification (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telemarketing call from Defendant or an agent acting on Defendant's behalf; (3) within a 12-month period.

Plaintiff's calculations of damages will depend on information received in discovery, including the number of calls made. Specifically, Plaintiff seeks an award of $500 in statutory damages for each violation of the statute. Statutory damages under the TCPA may be trebled if the Court, in its discretion, deems that a defendant "willfully or knowingly" violated the TCPA. Defendant disputes damages for numerous reasons, including but not limited to those outlined above.

## Pending Motions and Case Plan

A. *Identify all pending motions.*

There are no motions presently pending before the Court. Defendant filed its Answer and Affirmative Defenses on October 16, 2026 (ECF Nos. 8–9).

B. *Submit a proposal for a discovery plan, including the following information:*

i. The general type of discovery needed;

ii. A date for Rule 26(a)(1) disclosures;

iii. A date to issue written discovery;

iv. A fact discovery completion date;

v. If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports; and

vi. A date for the filing of dispositive motions.

**Plaintiff**: Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 to support his anticipated motion for class certification, as well as the merits of Plaintiff's TCPA

claims to prepare for trial or oppose any summary judgment motion Defendant may file.

Plaintiff will seek from Defendant and other third parties retained on Defendant's behalf: (1) electronically stored information concerning calls placed to Plaintiff and proposed class members, including call detail records, and related calling data; (2) documents concerning Defendant's relationship with any other vendors responsible for generating leads or placing telemarketing calls; (3) electronically stored information concerning any purported consent to receive calls, including the source of telephone numbers and methods used to obtain and document consent; (4) Defendant's policies and procedures concerning TCPA compliance, including National Do Not Call Registry screening and oversight of third-party vendors; (5) telemarketing complaints received by Defendant and its responses thereto; and (6) documents concerning Defendant's knowledge of, authorization of, or ratification of calls made by RDI or other vendors.

Plaintiff anticipates taking depositions of Defendant's corporate representatives pursuant to Rule 30(b)(6), and other individuals with knowledge of Defendant's telemarketing practices, lead-generation arrangements, and compliance procedures.

Plaintiff intends to submit expert testimony relevant to class certification, including analysis of calling records, identification of unique telephone numbers, and comparison of those numbers against the National Do Not Call Registry. Expert discovery before class certification will likely be necessary.

**Defendant’s Proposed Case Plan**: Defendant proposes that initial discovery focus on the named Plaintiff’s claims, the relevant third-party lead generator RDI / The Roofing Network, Inc., alleged consent, and disputed agency or authorization. Defendant favors resolving individual liability and agency questions before extensive classwide discovery and requests that the parties confer regarding phased and proportional discovery before undertaking broad putative-class discovery or class-certification expert work. Defendant does not waive objections concerning scope, burden, possession or control, or the appropriate timing of any classwide discovery.

**The Parties’ Mutual Discovery Plan**:

| **Event** | **Deadline** |
|---|---|
| Defendant's anticipated amended answer | November 6, 2026 |
| Rule 26(a)(1) Disclosures | November 16, 2026 |
| Date to Issue Written Discovery | November 23, 2026 (Plaintiff's first requests served October 21, 2026). |
| General deadline to amend pleadings or join parties | January 15, 2027 |
| Completion of Fact Discovery | June 21, 2027 |
| Disclosure of Plaintiff's Expert Report(s) | July 21, 2027 |
| Disclosure of Defendant's Expert Report(s) | August 20, 2027 |
| Rebuttal Expert Report(s) | September 20, 2027 |

| | |
|---|---|
| Completion of Expert Discovery, Including Depositions | October 20, 2027 |
| Class Certification Motion | November 19, 2027 |
| Dispositive Motions | 30 days after completion of class certification briefing |

The parties' agreement to the foregoing deadlines does not resolve their respective positions concerning the scope or sequencing of individual and classwide discovery.

**Protective Order/ESI**: The Parties agree that most of the discovery in this case will be electronic. The Parties will seek to stipulate or agree to the form or forms in which electronic discovery should be produced or otherwise made available. Although the Parties will seek to reach agreement on the form for production of electronically stored information, the Parties do not waive their right to object to any requested form, as permitted by Federal Rule of Civil Procedure 34(b)(2)(D), and to produce documents as they are kept in the usual course of business under Rule 34(b)(2)(E). The Parties are continuing to evaluate ESI and will submit a proposed ESI Order if necessary.

C. *With respect to trial, indicate whether a jury trial is requested and the probable length of trial.*

A jury trial has been requested and, assuming a class is certified, the parties estimate that a trial will last 5–6 days.

**Consent to Proceed Before a Magistrate Judge**

A. *Indicate whether the parties consent unanimously to proceed before a Magistrate Judge.*

They do not.

**Status of Settlement Discussions**

A. *Indicate whether any settlement discussions have occurred;*

The parties have discussed settlement, and agree to continue to discuss settlement as the action progresses.

B. *Describe the status of any settlement discussions; and*

Plaintiff maintains that additional discovery is necessary to evaluate the proposed class and formulate a classwide settlement demand.

Defendant favors targeted initial discovery concerning Plaintiff's individual allegations and remains willing to explore an early resolution without awaiting completion of classwide discovery.

C. *Whether the parties request a settlement conference.*

They do not, at this time.

PLAINTIFF,
By his attorney
*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

DEFENDANT,
By its attorney:
*/s/ Scott Kane Stukel*
Cameron & Kane LLC
2129 N Western Ave., Chicago IL 60647
Phone: (872) 588-0727
Fax: (312) 268-7478
Email: scott@cameronandkane.com