**United States District Court**
**Northern District of Illinois**
**Eastern Division**

| | |
|---|---|
| Rojas, *Plaintiff*<br>v.<br>Signature Property Solutions, Inc.,<br>*Defendant* | Case No: 26-cv-10168<br>Judge Manish S. Shah |

## Defendant's First Amended Answer and Affirmative Defenses

Defendant Signature Property Solutions, Inc. ("Defendant"), by and through its undersigned counsel, Cameron & Kane LLC, submits its First Amended Answer and Affirmative Defenses as follows:

## Defendant's First Amended Answer

### *INTRODUCTION*

1. As the Supreme Court has explained, "For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

   ANSWER: Defendant ADMITS that the Supreme Court made the quoted observations concerning the TCPA in *Barr v. American Association of Political Consultants*. Defendant DENIES any implication that it violated the TCPA.

2. The Plaintiff alleges that Signature Property Solutions, INC. ("Defendant") made unsolicited telemarketing calls to Plaintiff's telephone number, which was registered on the National Do Not Call Registry, as well as to those of putative class members, in violation of the TCPA.

   ANSWER: Defendant ADMITS that Plaintiff alleges the conduct described in Paragraph 2, but DENIES that Defendant made, authorized, or is legally responsible for the alleged

unlawful telemarketing calls. Defendant further DENIES that it violated the TCPA. Defendant lacks knowledge or information sufficient to determine whether or when Plaintiff's telephone number was registered on the National Do Not Call Registry, and therefore DENIES the same pursuant to Rule 8(b)(5).

*JURISDICTION AND VENUE*

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

ANSWER: Defendant ADMITS that this action arises under the Telephone Consumer Protection Act and that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. This Court has jurisdiction over Defendant because Defendant (1) made the telemarketing calls at issue to Plaintiff in this District, (2) conducts business transactions in this District.

ANSWER: Defendant ADMITS that it conducts business transactions within this District, but DENIES that it made the telemarketing calls alleged in the Complaint.

5. Venue is proper in this District because the calls were directed into this District.

ANSWER: Defendant ADMITS that venue is proper in this District, but DENIES that Defendant made the telemarketing calls alleged in the Complaint.

*PARTIES*

6. Plaintiff Jorge Rojas ("Mr. Rojas") is, and at all times mentioned herein was, a citizen and resident of this District.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's citizenship and residence, and therefore DENIES those allegations pursuant to Federal Rule of Civil Procedure 8(b)(5).

7. Mr. Rojas is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

ANSWER: Defendant ADMITS that an individual constitutes a person within the meaning of 47 U.S.C. § 153(39) and ADMITS the allegations of Paragraph 7.

8. Defendant Signature Property Solutions, Inc. is an Illinois corporation located in DuPage County, IL.

ANSWER: Defendant ADMITS the allegations of Paragraph 8.

*TCPA BACKGROUND*

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

ANSWER: Defendant ADMITS that Congress enacted the TCPA in 1991 and that the Supreme Court made the quoted observations in *Mims v. Arrow Financial Services, LLC*. Defendant DENIES any implication that it violated the TCPA.

10. The TCPA and its implementing regulations prohibit calling any residential telephone subscriber who has registered his or her telephone number on the national do-not-call

registry. *See* 47 U.S.C. § 227, *et seq.*; In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order

ANSWER: Defendant ADMITS that the TCPA and its implementing regulations restrict certain telephone solicitations to residential telephone numbers registered on the National Do Not Call Registry, subject to applicable statutory and regulatory definitions and exceptions. Defendant DENIES any implication that it violated those provisions.

11. Specifically, the TCPA prohibits telephone solicitations to residential telephone subscribers whose numbers are on the National Do Not Call Registry and provides a private right of action after more than one call in any 12-month period in violation thereof. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

ANSWER: Defendant ADMITS that 47 U.S.C. § 227(c)(5) establishes a private right of action, under specified circumstances, for more than one telephone call within a twelve-month period by or on behalf of the same entity in violation of applicable regulations. Defendant DENIES that it engaged in conduct violating those provisions.

## *FACTUAL ALLEGATIONS*

### *Plaintiff Rojas's Allegations*

12. Plaintiff's telephone number is (424) 219-XXXX.

ANSWER: Defendant ADMITS that the telephone number identified in Paragraph 12 appears in lead information received from RDI/The Roofing Network. Defendant lacks knowledge or information sufficient to determine whether that number belongs to Plaintiff, and therefore DENIES that remaining allegation pursuant to Rule 8(b)(5).

13. Plaintiff's telephone number has been registered on the National Do Not Call Registry for more than 31 days prior to receiving the calls described below.

ANSWER: Defendant lacks knowledge or information sufficient to determine whether or when Plaintiff's telephone number was registered on the National Do Not Call Registry, and therefore DENIES the allegations of Paragraph 13 pursuant to Rule 8(b)(5).

14. Plaintiff uses the number for personal calls.

ANSWER: Defendant lacks knowledge or information sufficient to determine Plaintiff's use of the identified telephone number, and therefore DENIES the allegations of Paragraph 14 pursuant to Rule 8(b)(5).

15. The number is a residential line of the Plaintiff.

ANSWER: Defendant lacks knowledge or information sufficient to determine whether the identified telephone number constitutes Plaintiff's residential line, and therefore DENIES the allegations of Paragraph 15 pursuant to Rule 8(b)(5).

16. Plaintiff never consented to receive telemarketing calls from Defendant.

ANSWER: Defendant DENIES that Plaintiff did not authorize the July 30, 2026, appointment-related telephone call. Defendant DENIES that its subsequent appointment-related call constituted an unsolicited telephone solicitation. Defendant lacks knowledge or information sufficient to form a belief concerning whether Plaintiff consented to earlier calls allegedly made by RDI and therefore DENIES the remaining allegation pursuant to Rule 8(b)(5).

17. Prior to receiving the calls, Plaintiff never did any business with Defendant.

ANSWER: Defendant ADMITS that Plaintiff had no prior business relationship with Defendant before the communications alleged in the Complaint.

18. Despite that, Defendant made at least five unsolicited telemarketing calls to Plaintiff over a two-day period from July 28 through 29, 2026.

ANSWER: Defendant DENIES that it made any unsolicited telemarketing calls to Plaintiff on July 28–29, 2026. Defendant ADMITS that it subsequently placed one call on July 30, 2026, to confirm an inspection appointment that had been arranged through a third-party lead provider.

19. They all came from the same number, 318-225-8213.

ANSWER: Defendant lacks knowledge or information sufficient to determine whether Plaintiff received all the calls alleged or whether each originated from telephone number 318-225-8213, and therefore DENIES the allegations of Paragraph 19 pursuant to Rule 8(b)(5).

20. That is the defendant's number.

ANSWER: Defendant DENIES that telephone number 318-225-8213 is a telephone number owned, assigned to, or controlled by Defendant.

21. During the last call, the Plaintiff spoke with an individual who identified himself as "Leo," who stated that he and Plaintiff had not previously spoken and offered the Defendant's services.

ANSWER: Defendant ADMITS that a call between "The Roofing Network" and Plaintiff occurred. Defendant DENIES that the call identified Defendant or expressly offered

Defendant's services, and DENIES that Defendant authorized him to make the alleged calls on Defendant's behalf. Defendant lacks knowledge or information sufficient to form a belief whether this call is the "last call" as alleged in Paragraph 21 or establishes the caller's actual identity, and therefore DENIES those remaining allegations pursuant to Rule 8(b)(5).

22. On July 30, 2026, at approximately 4:12 p.m. CT, Plaintiff received a follow up call during which an individual who identified himself as "Luke" stated he was calling from Defendant Signature Property Solutions, Inc. and confirmed he would be arriving for an appointment.

ANSWER: Defendant ADMITS that Luke, an owner of Defendant, placed one telephone call to Plaintiff on July 30, 2026, identified his affiliation with Defendant, and confirmed a previously arranged inspection appointment. Defendant lacks knowledge or information sufficient to confirm the precise time alleged or whether Luke stated that he personally would arrive for the appointment, and therefore DENIES those remaining allegations pursuant to Rule 8(b)(5).

23. "Luke" provided Plaintiff with Defendant's website, https://solutionsbysignature.com.

ANSWER: Defendant ADMITS the allegations of Paragraph 23.

24. The website includes the type of services offered to individual consumers like the Plaintiff.

ANSWER: Defendant ADMITS the allegations of Paragraph 24.

25. The calls were made for the purpose of soliciting Defendant's roofing and general contracting services.

ANSWER: Defendant ADMITS that RDI's call concerned scheduling a free roofing inspection, but DENIES that RDI identified or expressly promoted Defendant during that conversation. Defendant lacks knowledge or information sufficient to form a belief concerning the contents and purposes of any other calls allegedly made by RDI and DENIES that such calls were made by or on behalf of Defendant.

26. The Plaintiff and putative class members were harmed by these unwanted calls.

ANSWER: Defendant DENIES that its conduct violated the TCPA or caused Plaintiff or any putative class member an actionable injury. Defendant otherwise lacks knowledge or information sufficient to determine the nature or extent of the alleged harm, and therefore DENIES the remaining allegations pursuant to Rule 8(b)(5).

*Class Action Allegations*

27. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of classes of all other persons or entities similarly situated throughout the United States.

ANSWER: Defendant ADMITS that Plaintiff purports to bring this action on behalf of a proposed class pursuant to Federal Rule of Civil Procedure 23(b)(2) or (b)(3), but DENIES that the requirements for class certification are satisfied or that Plaintiff is entitled to maintain this action on a classwide basis.

28. The class of persons Plaintiff propose to represent is tentatively defined as: National DNC Registry Class: All persons in the United States who from four years prior to the filing of this action through class certification (1) whose telephone numbers were on the National

Do Not Call Registry for at least 31 days; (2) but who received more than one telemarketing call from Defendant or an agent acting on Defendant's behalf; (3) within a 12-month period. This is referred to as the "Class".

ANSWER: Defendant ADMITS that Paragraph 28 sets forth Plaintiff's proposed class definition, but DENIES that the proposed class satisfies the requirements of Rule 23, that Defendant engaged in the alleged unlawful calling practices, or that class certification is appropriate.

29. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

ANSWER: Defendant ADMITS that Plaintiff proposes to exclude the identified persons and entities from the putative class, but DENIES that any class should be certified or that the stated exclusions establish compliance with Rule 23.

30. The Class as defined above are identifiable through phone records and phone number databases.

ANSWER: Defendant DENIES that the proposed class is ascertainable through records maintained by Defendant. Defendant lacks knowledge or information sufficient to determine whether third-party records could identify the persons Plaintiff seeks to include, and therefore DENIES the remaining allegations pursuant to Rule 8(b)(5).

31. The potential members of the Class number at least in the thousands.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief

concerning the number of persons potentially encompassed by Plaintiff's proposed class and therefore DENIES the allegations of Paragraph 31 pursuant to Rule 8(b)(5). Defendant further DENIES that Plaintiff has established the numerosity requirement of Rule 23(a)(1).

32. Individual joinder of these persons is impracticable.

ANSWER: Defendant DENIES that Plaintiff has established that joinder is impracticable or that the numerosity requirement of Rule 23(a)(1) is satisfied.

33. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

ANSWER: Defendant ADMITS that Plaintiff identifies the purported questions set forth in Paragraph 33, but DENIES that those questions establish commonality, predominance, or any other requirement for class certification.

a. whether Defendant systematically made telemarketing calls to class members whose telephone numbers were on the National Do Not Call Registry;

   ANSWER: Defendant DENIES that it systematically made unlawful telemarketing calls to persons whose numbers were registered on the National Do Not Call Registry, and DENIES that the allegation establishes a question susceptible to common classwide resolution.

b. whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express invitation or permission;

   ANSWER: Defendant DENIES that it made the alleged unlawful calls without legally sufficient permission, and DENIES that questions concerning individual

communications and consent can necessarily be resolved on a classwide basis.

c. whether Defendant's conduct constitutes a violation of the TCPA; and

ANSWER: Defendant DENIES that its conduct violated the TCPA, and DENIES that Plaintiff has established a common basis for determining liability on behalf of the proposed class.

d. whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

ANSWER: Defendant DENIES that its conduct constituted a knowing or willful TCPA violation, that any putative class member is entitled to treble damages from Defendant, or that the issue can necessarily be resolved on a classwide basis.

34. Plaintiff's claims are typical of the claims of members of the Class.

ANSWER: Defendant DENIES that Plaintiff's claims are typical of those of the proposed class or that the requirements of Rule 23(a)(3) are satisfied.

35. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he will be represented by counsel skilled and experienced in class actions, including TCPA class actions.

ANSWER: Defendant ADMITS that Plaintiff is represented by counsel of record, but DENIES that Plaintiff has established his adequacy as a class representative under Rule 23(a)(4). Defendant otherwise lacks knowledge or information sufficient to admit the remaining factual allegations and therefore DENIES them pursuant to Rule 8(b)(5).

36. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

ANSWER: Defendant DENIES that common issues predominate over individualized questions, that a class action is superior to other available methods of adjudication, or that identifying class members is the only individual issue. Defendant further DENIES that it maintains records identifying persons who received the alleged unlawful calls.

37. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

ANSWER: Defendant lacks knowledge or information sufficient to determine the likelihood that unidentified putative class members would prosecute individual actions and therefore DENIES the factual allegation pursuant to Rule 8(b)(5). Defendant further DENIES that Paragraph 37 establishes the suitability of class treatment.

*FIRST CAUSE OF ACTION*
*Telephone Consumer Protection Act*
*(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5))*
*(On Behalf of Plaintiff and the National DNC Registry Class)*

38. Plaintiff repeat the prior allegations of this Complaint and incorporates them by reference herein.

ANSWER: Defendant INCORPORATES its responses to Paragraphs 1 through 37 of the Complaint as though fully set forth herein.

39. Defendant and/or its agents made unwanted telemarketing calls to Plaintiff and the other members of the National DNC Registry Class despite their telephone numbers being registered on the National Do Not Call Registry.

ANSWER: Defendant DENIES that it or anyone acting as its agent made the unlawful telemarketing calls alleged in Paragraph 39, and DENIES that it is liable to Plaintiff or any putative class member under the TCPA.

40. These calls were made en masse without prior express invitation or permission, in violation of the TCPA's national do-not-call provisions.

ANSWER: Defendant DENIES that it made or authorized the alleged mass telemarketing calls without legally sufficient permission, and DENIES that it violated the TCPA's national Do Not Call provisions.

41. The Defendant has, therefore, violated 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2). As a result of Defendant's conduct, Plaintiff and the other members of the National DNC Registry Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each knowing or wilful violation.

ANSWER: Defendant DENIES that it violated the TCPA, DENIES that any violation attributable to Defendant was knowing or willful, and DENIES that Plaintiff or any putative class member is entitled to damages or other relief from Defendant.

*PRAYER FOR RELIEF*

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representatives of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An award to Plaintiff and the Class of damages, as allowed by law; and

F. Orders granting such other and further relief as the Court deems necessary, just, and proper.

ANSWER: Defendant DENIES that Plaintiff or any putative class member is entitled to relief against Defendant and REQUESTS that judgment be entered in Defendant's favor and that this action be dismissed with prejudice.

## **Defendant's First Amended Affirmative Defenses**

Defendant asserts the following defenses in the alternative, without waiving its denials of liability or admitting that any actionable violation of the TCPA occurred.

### *FACTS COMMON TO THE DEFENSES*

1. Defendant Signature Property Solutions, Inc. ("Signature") provides roofing and related contracting services.

2. Signature contracted with RDI/The Roofing Network ("RDI"), a third-party business, to purchase leads consisting of prospective roofing-inspection appointments.

3. RDI independently conducted its lead-generation operations using its own calling personnel, telephone numbers, and communications practices.

4. Signature specified general criteria for acceptable leads, including geographic location and the approximate age of prospective customers' roofs.

5. Signature did not select the particular telephone numbers called by RDI or direct the specific calls alleged in the Complaint.

6. On or about July 29, 2026, an RDI representative identifying himself as "Leo" spoke with Plaintiff concerning a free roofing inspection.

7. During that conversation, the representative identified his company as "The Roofing Network."

8. Plaintiff agreed to a roofing-inspection appointment for approximately 5:00 p.m. the following day.

9. Before concluding that conversation, Plaintiff expressly requested that the persons attending the inspection telephone him before arriving, explaining that he might not be present.

10. The RDI representative agreed.

11. RDI subsequently provided Signature with information concerning the scheduled appointment.

12. On July 30, 2026, Luke Rutkowski, an owner of Signature, placed one telephone call to Plaintiff in connection with the previously arranged inspection appointment.

## *FIRST DEFENSE*
## *PRIOR EXPRESS INVITATION OR PERMISSION FOR APPOINTMENT-RELATED CONTACT.*

13. Signature repeats and incorporates its foregoing FACTS COMMON TO THE DEFENSES by reference herein.

14. Before Signature contacted Plaintiff, Plaintiff had affirmatively requested a telephone call in

advance of the scheduled roofing inspection.

15. Signature's July 30, 2026, telephone call concerned the previously arranged appointment and followed Plaintiff's express request for advance telephone contact.

16. Accordingly, to the extent Plaintiff seeks to characterize Signature's appointment-related communication as an unsolicited telephone solicitation, Signature asserts that the communication was expressly invited and was made in connection with the previously scheduled appointment.

*SECOND DEFENSE*
*INDEPENDENT THIRD-PARTY LEAD GENERATOR; ABSENCE OF ACTUAL OR APPARENT AUTHORITY OR RATIFICATION.*

17. Signature repeats and incorporates its foregoing FACTS COMMON TO THE DEFENSES by reference herein.

18. RDI independently operated its lead-generation business, including selecting telephone numbers, employing callers, and conducting telephone communications with prospective customers.

19. Signature purchased qualifying roofing-inspection leads from RDI but did not direct or control the specific telephone calls alleged in the Complaint or approve the language used in those calls.

20. During the July 29, 2026 call, RDI's representative identified his business as "The Roofing Network" and did not identify Signature as the company making the call.

21. Signature made no representation to Plaintiff that RDI possessed authority to make telephone calls on Signature's behalf.

22. Signature's purchase of a lead and its subsequent participation in a scheduled roofing inspection did not constitute knowing adoption or ratification of any unlawful calling practices by RDI.

23. Accordingly, Signature asserts that RDI's alleged conduct is not attributable to Signature through actual authority, apparent authority, or ratification under the governing principles of agency law.

Respectfully Submitted,

DEFENDANT
Signature Property Solutions, Inc.

By its attorney:
*/s/ Scott Kane Stukel*
Scott Kane Stukel
Cameron & Kane LLC
2129 N Western Ave., Chicago IL 60647
Phone: (872) 588-0727
Fax: (312) 268-7478
Email: scott@cameronandkane.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2026, I electronically filed the foregoing Defendant's First Amended Answer and Affirmative Defenses with the Clerk of the United States District Court for the Northern District of Illinois using the Court's CM/ECF system, which will automatically serve notice of the filing upon all counsel of record registered to receive electronic notifications in this matter.

Respectfully submitted,

*/s/ Scott Kane Stukel*
Scott Kane Stukel
Cameron & Kane LLC
2129 N Western Ave., Chicago IL 60647
Phone: (872) 588-0727
Fax: (312) 268-7478
Email: scott@cameronandkane.com