**United States District Court**
**Northern District of Illinois**
**Eastern Division**

| | |
|---|---|
| Rojas, *Plaintiff*<br>v.<br>Signature Property Solutions, Inc., *Defendant*<br>———<br>Signature Property Solutions, Inc., *Third-Party Plaintiff*<br>v.<br>RDI/The Roofing Network, *Third-Party Defendant* | Case No: 26-cv-10168<br>Judge Manish S. Shah |

**DEFENDANT SIGNATURE PROPERTY SOLUTIONS, INC.'S THIRD-PARTY COMPLAINT**

Defendant/Third-Party Plaintiff SIGNATURE PROPERTY SOLUTIONS, INC. ("Signature"), pursuant to Federal Rule of Civil Procedure 14(a), brings this Third-Party Complaint against RDI/THE ROOFING NETWORK ("RDI") and states as follows:

**PARTIES AND JURISDICTION**

1. Signature is the Defendant in this action, in which Plaintiff Jorge Rojas ("Plaintiff") alleges violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. RDI/The Roofing Network is a third-party lead-generation business that marketed and supplied roofing-inspection appointments to Signature.

3. This Court has original subject-matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Signature's third-party claim pursuant to 28 U.S.C. § 1367(a), because the claim arises from the same underlying transactions, telephone

communications, and alleged injuries at issue in Plaintiff's Complaint.

5. RDI purposefully conducted lead-generation business with Signature, an Illinois roofing contractor, including marketing and selling roofing-inspection appointments involving prospective Illinois customers and the appointment underlying Plaintiff's claims.

## GENERAL ALLEGATIONS

6. Signature provides roofing and exterior contracting services.

7. At all relevant times, Signature maintained a commercial relationship with RDI under which Signature purchased roofing-inspection leads and appointments generated by RDI.

8. Upon information and belief, RDI independently conducted its lead-generation activities for the purpose of generating appointments with prospective customers for sale to roofing companies.

9. Upon information and belief, those lead-generation activities included telephone outreach to prospective customers, using calling personnel, telephone numbers, and communication practices selected or controlled by RDI.

10. Signature provided RDI with general criteria concerning the types and geographic locations of leads and/or appointments it wished to purchase.

11. However, Signature did not specify how the appointments were to be procured, select the specific individuals called by RDI, or direct RDI's telephone calls at issue.

12. Upon information and belief, in or around July 2026, RDI communicated with Plaintiff concerning a roofing-inspection appointment.

13. Upon information and belief, during those communications, Plaintiff agreed to a roofing-inspection appointment and requested a telephone call before the inspection representative arrived.

14. RDI thereafter provided that appointment information to Signature.

15. On or about July 30, 2026, Signature contacted Plaintiff in connection with the appointment arranged through RDI.

16. Plaintiff alleges that certain telephone calls made in connection with these activities violated the TCPA and seeks to hold Signature liable for those alleged violations.

17. Signature DENIES that it violated the TCPA and further DENIES that RDI possessed actual or apparent authority to make unlawful telephone solicitations on Signature's behalf or that Signature ratified any such conduct.

18. Alternatively, to the extent RDI's alleged calling activities are found to be legally attributable to Signature under principles of agency or vicarious liability, those calls were initiated and conducted by RDI rather than Signature.

19. Signature did not direct RDI to violate the TCPA, authorize the particular unlawful conduct alleged by Plaintiff, or exercise control over the specific calling practices giving rise to Plaintiff's claims.

20. Accordingly, to the extent Signature is held liable for TCPA violations arising from telephone calls made by RDI, any such liability attributable solely to RDI's conduct would be derivative or vicarious.

## COUNT I — COMMON-LAW IMPLIED INDEMNIFICATION

21. Signature repeats and incorporates Paragraphs 1 through 20 as though fully set forth herein.

22. Signature DENIES that it is liable to Plaintiff.

23. However, to the extent Signature is found liable because RDI's alleged TCPA violations are attributed to Signature under agency or vicarious-liability principles, RDI would be the party whose direct conduct gave rise to that liability.

24. In that circumstance, Signature's liability would be derivative of RDI's conduct rather than based upon independent wrongful conduct by Signature.

25. Signature therefore asserts, conditionally and in the alternative, a right to indemnification from RDI for any liability imposed upon Signature solely by reason of RDI's alleged wrongful conduct.

26. Signature seeks recovery from RDI of any amounts for which Signature is held liable to Plaintiff on that derivative basis, including amounts paid pursuant to a reasonable settlement to the extent recoverable under applicable law.

WHEREFORE, Defendant/Third-Party Plaintiff SIGNATURE PROPERTY SOLUTIONS, INC. requests that this Court enter judgment in its favor and against Third-Party Defendant RDI/THE ROOFING NETWORK as follows:

A. Awarding Signature indemnification for any liability imposed upon it in the underlying action solely by reason of RDI's conduct, in an amount to be determined;

B. Awarding taxable costs and such other expenses as may be recoverable under applicable law;

and

C. Granting such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Attorney for Defendant/Third-Party Plaintiff
Signature Property Solutions, Inc.

By its attorney:
*/s/ Scott Kane Stukel*
Scott Kane Stukel
Cameron & Kane LLC
2129 N Western Ave., Chicago IL 60647
Phone: (872) 588-0727
Fax: (312) 268-7478
Email: scott@cameronandkane.com